Filed 3/19/21  P. v. Vance CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074239 |
| v. | (Super.Ct.No. FSB032415-1) |
| GREGORY VANCE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Reversed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Jason Anderson, District Attorney, James R. Secord, Deputy District Attorney, for Plaintiff and Respondent.

1

Defendant and appellant Gregory Vance, Jr., appeals from an order of the San Bernardino County Superior Court summarily denying his motion for resentencing made pursuant to Penal Code section 1170.95.[1]  We reverse.

**BACKGROUND**

Defendant was a member of a counterfeit check cashing ring, which included Katherine Schumann and Benny Ellis.  Ellis's bank account was used for depositing fraudulent checks.  Defendant and Schumann thought Ellis had taken $100 out of the group's bank account so they went to Ellis's house and broke in.  Immediately after they were seen leaving the house, Ellis was found with two fatal stab wounds in his back.  Defendant initially said Schumann stabbed Ellis, then said he inflicted the wounds.

Defendant and Schumann were tried separately and found guilty of burglary felony murder of Ellis (§ 187, subd. (a), count 1) and burglary of Ellis's residence (§ 459, count 2).  In September 2004, defendant was sentenced to a term of 56 years to life consisting of 50 years to life on count 1 and six years for the prison prior enhancements.  The trial court also imposed but stayed an eight-year term for the burglary (count 2).  Defendant's judgment and that of Schumann were affirmed by this court.  (*People v. Schumann* (Aug. 4, 2006, E036689) [nonpub. opn.].)

In 2018, the Legislature passed Senate Bill No. 1437.  The bill made several changes to the Penal Code, including limiting liability under the felony murder rule and the natural consequences doctrine.  It also added section 1170.95, which established the

_____

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

procedure for resentencing a person convicted of felony murder or murder under a natural and probable consequences theory. (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.)

On March 28, 2019, defendant filed in the trial court a section 1170.95 petition to vacate his murder conviction and to be resentenced in accordance with the new Penal Code provisions. The People moved to strike the petition. The court granted the People's motion and summarily denied the petition on the grounds the passage of Senate Bill No. 1437 violated California's Constitution by significantly and improperly amending two initiatives approved by the voters, Propositions 7 and 115.

In its written statement of decision, the court explained that Proposition 7 increased the punishment for persons convicted of first and second degree murder and expanded the circumstances in which a person could be found guilty of those crimes. Proposition 115 increased and expanded the list of predicate offenses that would subject a person to first degree murder liability. California's Constitution forbids the Legislature from amending a statute enacted by voter initiative without approval of the electorate unless the initiative provides some other procedure for amendment. (Cal. Const., art. II, § 10, subd. (c).) An amendment to Proposition 7 requires voter approval. Proposition 115 may be changed only if the proposed amendment receives a two-thirds majority vote by each chamber of the Legislature. The court concluded that because Senate Bill No. 1437 made significant amendments to the two propositions and because the requirements for amending those initiatives were not met, the bill violated the Constitution.

Defendant appealed.

3

## DISCUSSION

On appeal, defendant argues Senate Bill No. 1437 is constitutional. He urges this court to reverse the order denying his petition and remand the matter for a hearing pursuant to section 1170.95. The People concede the point and we agree.

Resolution of the constitutionality issue turns on whether Senate Bill No. 1437 amended the provisions enacted by Propositions 7 and 115. (*People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 279-280 (*Gooden*).) If it did, then the bill is unconstitutional. (*Ibid.*) If, however, the bill affected a related but distinct area of law or addressed a matter that the initiatives did not specifically authorize or prohibit, then it passes constitutional muster. (*Ibid.*)

Our Supreme Court has not addressed the issue of Senate Bill No. 1437's constitutionality but, with the exception of two dissenting opinions, appellate courts considering the question have found the bill did not amend the propositions and, therefore, it did not violate the Constitution—a conclusion we adopt here.[2] (*Gooden*, *supra*, 42 Cal.App.5th at pp. 280-289 [Fourth Dist., Div. One]; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 268 (dis. opn. of O'Rourke, J.), review & request for depublication den., S259835 [Fourth Dist., Div. One]; *People v. Lippert*, *supra*, 53 Cal.App.5th at p. 314 (dis. opn. of Ramirez, P. J.) [Fourth Dist., Div. Two]; *People v.*

---

[2] In his dissent in *People v. Lippert* (2020) 53 Cal.App.5th 304, 314, the author of this opinion concluded Senate Bill No. 1437 improperly amended Proposition 7. On further reflection he has decided the bill is constitutional. " 'Wisdom too often never comes, and so one ought not to reject it merely because it comes late.' " (*Wolf v. Colorado* (1949) 338 U.S. 25, 47, dis. opn. of Rutledge, J.)

4

*Johns* (2020) 50 Cal.App.5th 46, 54-55 [Fourth Dist., Div. Two]; *People v. Prado* (2020) 49 Cal.App.5th 480, 491-492 [Fourth Dist., Div. Three]; *People v. Solis* (2020) 46 Cal.App.5th 762, 775-784 [Fourth Dist., Div. Three]; *People v. Cruz* (2020) 46 Cal.App.5th 740, 746-747 [Fourth Dist., Div. Three]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 593-594 [Second Dist., Div. Two]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92 [Second Dist., Div. Five], review granted on other points July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 308-312 [Second Dist., Div. Six]; *People v. Lombardo* (2020) 54 Cal.App.5th 553, 555 [Third Dist.]; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1052-1053 [Fifth Dist.]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211 [Sixth Dist.].)

## DISPOSITION

We reverse the judgment of the trial court and remand for a hearing on the merits of defendant's section 1170.95 petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

5